IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RUFUS B. JONES,**

    **Petitioner,**

v.                                          Case No. 4:20-cv-35-AW-MAF

**SECRETARY, DEP'T OF
CORRECTIONS, STATE OF FLORIDA,**

    **Respondent.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Rufus Jones is serving a twenty-year sentence after a jury convicted him of attempted murder. He has petitioned for § 2254 habeas relief. After reviewing the Report and Recommendation (ECF No. 11), and considering de novo the issues in Jones's objections (ECF No. 14), I conclude Jones's petition must be denied.

Jones presents two claims, one alleging ineffective assistance of counsel and one alleging an Eighth Amendment violation. As the magistrate judge explains, neither can succeed.

First, as to the ineffective-assistance claim, Jones contends one of his two attorneys recommended he reject a plea offer. ECF No. 1 at 10. But that attorney (the lead trial counsel) testified at the state Rule 3.850 hearing that he recommended Jones *take* the deal but that Jones refused. ECF No. 5-8 at 182. The state postconviction court accepted that testimony and found that counsel advised Jones

1

to accept the plea offer. ECF No. 508 at 209 (trial judge in announcing ruling: "I accept Mr. Handfield's [lead counsel's] testimony that he recommended, as did Mr. Akbar [local counsel], that Mr. Jones take the plea.").

Jones has not shown that this finding was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Indeed, in neither his petition nor his objection has Jones made any effort to overcome the trial court's finding. Instead, he points to testimony from his other trial counsel, who said the lead counsel told Jones's family that he should reject the deal. ECF No. 14 at 2. Regardless of what lead counsel told the *family*, lead counsel told Jones to accept the deal. Or at least that is what the state postconviction court found based on the testimony. Jones's ineffective-assistance claim cannot succeed.

Jones's second claim is that his 20-year sentence violates the Eighth Amendment. He contends the sentence is unconstitutional as applied to the facts of his case, which he says involved self-defense. But the jury rejected the self-defense argument, so Jones's contention is really that 20 years for attempted murder is more than the Eighth Amendment will allow. This was an exceedingly difficult argument in the first instance, when the Florida courts rejected it. It is even more difficult here, where the deferential § 2254 standard applies. As the magistrate judge correctly concludes, Jones falls well short of his burden.

The last issue is whether to issue a certificate of appealability. Because I conclude Jones has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), a COA will be denied.

It is now ORDERED:

1. The Report and Recommendation (ECF No. 11) is adopted and incorporated into this order.

2. The clerk will enter a judgment that says "The § 2254 petition is denied on the merits without an evidentiary hearing."

3. A certificate of appealability is DENIED.

4. The clerk will close the file.

SO ORDERED on December 21, 2020.

                                      s/ *Allen Winsor*
                                      United States District Judge